# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

JAMES BUSER,

            **Plaintiff,**

v.

ECKERD CORPORATION d/b/a
RITE AID, a subsidiary of RITE AID
CORPORATION,

                                     **Civil Action No. 5:12-CV-755-FL**

and

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

                     **Defendants.**

## PROTECTIVE ORDER

       This lawsuit is presently in the discovery stage. It appears that such discovery will involve review of confidential, proprietary and/or sensitive business information, commercially private data, personnel and employment-related documents, as well as personal and other confidential information relating to the parties and persons not parties to this litigation. Plaintiff James Buser and Defendants Eckerd Corporation d/b/a/ Rite Aid Corporation and Prudential Insurance Company of America, by and through their counsel, desire to avoid the unauthorized dissemination of the above-referenced information outside of this lawsuit and, further, to avoid a dispute over the production of such information.

       Accordingly, good cause having been shown within the meaning of Federal Rule of Civil Procedure 26(c), and it appearing that Plaintiff and Defendants consent to entry of this Protective Order, IT IS HEREBY ORDERED THAT:

(1)　As used in this Order, the following definitions and terms shall apply:

    a.　"Confidential Information" means documents, information, testimony, and other tangible items to be produced or disclosed in this action that contain (A) trade secrets, confidential commercially private, proprietary, sensitive business, financial, and/or otherwise privileged information or (B) private personal information about individuals, including the medical records of any person or current or former employees' personnel files, in which the affected persons enjoy rights of privacy and protection from disclosure under state and federal law or (C) confidential, private, and sensitive business information about customers and/or clients of Defendants—including but not limited to name, business relationship with Defendants, and services provided by Defendants.  All such documents, information, or testimony will be referred to and treated as "Confidential Information" if stamped or designated "CONFIDENTIAL."

    b.　"Defendants" means Rite Aid Corporation, and its subsidiaries, affiliates, partnerships and joint ventures, as well as its agents and attorneys, and Prudential Insurance Company of America, and its subsidiaries, affiliates, partnerships and joint ventures, as well as its agents and attorneys.

    c.　"Plaintiff" means James Buser and his attorney(s).

    d.　"Disclosed" is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

    e.　"Document" is defined as the term is used in Rule 34(a) of the Federal Rules of Civil Procedure.

f. "Counsel" means the counsel of record in this action and their law firms, as well as (i) other attorneys or consultants employed or retained by such law firms, or (ii) any attorney subsequently retained or designated by either party to appear in this action.

g. "Parties" means the Plaintiff and Defendants.

h. "Disclosing Party" means any party who furnishes confidential information or discovery material.

i. "Recipient" means any party who receives confidential information or discovery material.

(2)     Any party may designate any document, information, testimony, or other tangible item containing Confidential Information as defined in Paragraph (1)(a) by clearly marking each page as "CONFIDENTIAL" at the time of production or filing.  All documents and information provided by either party which are designated as "CONFIDENTIAL" shall be treated as such by the Parties.  Such Confidential Information, and all copies, summaries, compilations, notes, or abstracts thereof, shall be exclusively for use in this action and for no other purpose, and shall not be disclosed to any person except as permitted in this Order.

(3)     Deposition testimony and exhibits may be designated as Confidential Information by identification on the record during any deposition or other proceeding or by written notice to opposing counsel (or, if a party is unrepresented, to that party) not later than twenty (20) business days after receipt of the deposition transcript.  During the twenty (20) business day period and from the date of the deposition, the entire deposition transcript and testimony and all exhibits shall be deemed to be Confidential Information for all purposes.  Thereafter, only those portions of the transcript and exhibits that have been designated as Confidential Information shall be so

3

treated. At the depositions taken in this action, the reporter will be informed of the existence of this Order and will be required to operate in a manner consistent with its terms.

(4) Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; (iv) to seek documents or other information from any source; or (v) to prohibit disclosure of Confidential Information pursuant to a requirement of a governmental agency or by operation of law (including a subpoena); provided however that, with respect to this clause, the Recipient shall first promptly notify Disclosing Party at the addresses listed herein on the signature lines prior to disclosure in order to give Disclosing Party a reasonable opportunity to seek an appropriate protective order and/or waive compliance with the terms of this Order and shall disclose only that part of the Confidential Information which the Recipient is required to disclose.

(5) Inadvertent production of or failure to designate any information as "CONFIDENTIAL" shall not be deemed a waiver of the Disclosing Party's claim of confidentiality as to such information, and the Disclosing Party may thereafter designate such information as "CONFIDENTIAL" as appropriate.

4

(6)     Any document or other material designated as "CONFIDENTIAL" under this Order shall, when filed with the Court, first be filed within the applicable deadline, be clearly marked "CONFIDENTIAL," and confidential portions of the document shall be redacted. Should a party deem it necessary to file unredacted protected materials, whether separately or with or as part of a pleading or other court papers, that party agrees to request permission from the Court to file the specific documents under seal. Any party wishing to make such a filing must first present a motion regarding the specific documents sought to be filed under seal to the Court for its approval.

(7)     Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and , (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

(8)     Documents and other material designated as "CONFIDENTIAL" pursuant to the terms of this Order may only be disclosed to the Court, the parties, counsel of record and their associated attorneys, employees or professional assistants, including independent consultants, of counsel of record, stenographic reporters and their personnel, witnesses who have a *bona fide*

5

need to review the contents of the documents to aid in the preparation of this case for trial, and such other persons as may have a legitimate need to review the Confidential Information to assist counsel of record in preparing this case, subject to the requirements in Paragraph (9) of this Order.

(9)     The parties shall confer and attempt to agree, before any hearing, on the procedures under which Confidential Information may be introduced into evidence or otherwise used at such hearing.  Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential Information at any such hearing upon reasonable notice to all parties who have produced such information.

(10)     Persons other than the Court, counsel of record and their associated attorneys, employees and/or professional assistants of counsel of record, the parties, and stenographic reporters and their personnel shall not be afforded access to Confidential Information unless they first agree, by signing a statement identical to Exhibit "A" attached hereto, to be bound by the letter and the spirit of this Order and not to disclose the Confidential Information to anyone other than counsel of record for the parties to this case.  Such statements shall be retained by counsel of record for the parties.  Further, the parties, their counsel, and any authorized representative of the parties shall exhibit extraordinary care in sharing Confidential Information with individuals who are employed by and/or have any relationship with or interest in Defendants.

(11)     Although personnel files may be designated as Confidential Information, witnesses can be shown their own personnel files without having to satisfy the requirements in Paragraph (9) of this Order.

(12)     The party seeking discovery shall have the right to challenge any designation of confidentiality by notifying the other party in writing and with specificity no later than the close

of discovery or within ten (10) days of receipt of the document, whichever last occurs. The parties must then meet and confer in good faith regarding any such challenge within fourteen (14) days of the recipient's receipt of the writing. The party seeking to dispute the designation will be required to seek an order from the Court that the "CONFIDENTIAL" designation be removed. The party designating the disputed "Confidential Information" shall have the burden of proof on such motion to establish the propriety of the designation. The party seeking discovery will treat all materials or information designated as "CONFIDENTIAL" in accordance with the requirements of this Order during the pendency of such motion.

(13)     This Order shall not prevent a party or a counsel of record for either party from using any documents obtained and designated as "CONFIDENTIAL" hereunder in motions, affidavits, pleadings, or in open court, so long as such documents or pleadings containing summaries of such documents are treated as confidential pursuant to the provisions of this Order and are otherwise admissible for the purpose(s) such documents are offered.

(14)     Within sixty (60) business days following the conclusion of this action, by settlement or adjudication, including any appellate proceedings or the running of any applicable time for appeal, the parties shall either (i) return to the producing party all copies of materials or information designated as "CONFIDENTIAL" in this action or (ii) certify to the producing party that all such materials have been destroyed.

(15)     Nothing is this Order shall prejudice the right of any party to move the Court to broaden or restrict the rights of access to and use of particular Confidential Information, or to seek modifications of this Order upon due notice to all parties.

(16)     This Order shall survive and remain in full force and effect after entry of final judgment in this action, including any appellate proceedings, whether by settlement or

adjudication. The Court shall retain jurisdiction throughout to construe, enforce, and amend this Order.

SO ORDERED, THIS _5TH_ DAY OF _SEPTEMBER_____, 2013.


_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT "A"**

**STATEMENT OF CONFIDENTIALITY**

BY SIGNING THIS DOCUMENT, I HEREBY ACKNOWLEDGE THAT I AM ABOUT TO RECEIVE CONFIDENTIAL INFORMATION. I CERTIFY MY UNDERSTANDING THAT SUCH INFORMATION IS TO BE PROVIDED TO ME PURSUANT TO THE TERMS AND RESTRICTIONS OF THE CONSENT PROTECTIVE ORDER IN *JAMES BUSER V. RITE AID CORPORATION AND PRUDENTIAL INSURANCE COMPANY OF AMERICA*. EASTERN DISTRICT OF NORTH CAROLINA, CASE NO. 5:12-CV-755-FL. I HAVE BEEN GIVEN A COPY OF AND HAVE READ THIS ORDER AND AGREE TO BE BOUND BY ITS TERMS. I AGREE TO SUBMIT TO THE JURISDICTION OF THE COURT FOR THE SOLE PURPOSE OF HAVING THE TERMS OF THIS ORDER ENFORCED.

_____
Signature

_____
Name (Print)

_____
Date